## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JANNETTE HERRING**
**and**
**ROBERT HERRING,**

Plaintiffs,

**vs.**                                        **CASE NO.** _____

**UNITED AUTO CREDIT**
**CORPORATION and JOHN DOES 1-3,**

Defendants.

_____/

## COMPLAINT
## JURY DEMAND

## INTRODUCTION

1.      Plaintiffs allege violations of the Florida Consumer Collection Practices

Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA") and the Telephone Consumer Protection Act,

42 U.S.C. § 227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367 and

47 U.S.C. § 227(b)(3).  *See* Mims v. Aarow Financial Services, LLC, No. 10-1195, 2012

U.S. LEXIS 906, 2012 WL 125429 (Jan. 18, 2012).  Venue in this District is proper

because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3.      Plaintiff, JANNETTE HERRING is a natural person and a citizen of the State of Florida, residing in Polk County in the Middle District of Florida.

4.      Plaintiff, ROBERT HERRING is a natural person and a citizen of the State of Florida, residing in Polk County in the Middle District of Florida.

5.      Defendant, UNITED AUTO CREDIT CORPORATION ("UNITED") is a foreign business corporation organized and existing under the laws of the State of California with its principal place of business and corporate offices at 1071 Camelback, Suite 100, Newport Beach, CA 92660.

6.      Defendants, JOHN DOES 1-3, are employees and officer and agents of UNITED. JOHN DOES 1-3 established the policies of or carried out the practices of UNITED regarding the TCPA or authorized those policies and practices complaint of herein.

7.      Pursuant to 47 U.S.C. § 217, an officer, agent or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that person.

8.      Any reference hereinafter to "Defendant" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

9.      Defendant is a "person" as defined by Fla. Stat. § 1.01(3) (2013) ("The word 'person' includes individuals, children, firms, associations, joint adventures,

partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.")

10.     The FCCPA applies to any "person" who attempts to collect a consumer debt.  *See, e.g.,* Cook v. Blazer Financial Services, Inc., 332 So.2d 677 (Fla. 1st DCA 1976) (holding that small loan company attempting to collect its own consumer debt was a "person" subject to the prohibitions of Florida Statute 559.72); Schauer v. General Motors Acceptance Corp., 819 So.2d 809 (Fla. 4th DCA 2002) (holding that language of FCCPA includes all allegedly unlawful attempts at collecting consumer claims); White v. Fed. Fin. Corp., 379 So.2d 136 (Fla. 5th DCA 1980); Craig v. Park Fin. of Broward County, Inc., 390 F. Supp.2d 1150 (M.D. Fla. 2005); Mays v. Citibank, N.A., 2005 U.S. Dist. Lexis 46358 (S.D. Fla. 2005).

## FACTUAL ALLEGATIONS

11.     Defendant sought to collect from Plaintiffs an alleged debt arising from transactions incurred for personal, family, or household purposes. Namely, Defendant sought to collect from Plaintiffs monies allegedly due on a car note. Hereinafter referred to as the "alleged debt."

12.     The payments on the car note are due on the 10th of each month and the note provides a ten-day grace period before any late charges are incurred.

13.     Beginning on or before May 10, 2012, Defendant, UNITED, or others acting at its request, used an automated telephone dialing system or pre-recorded or artificial voice to place daily, repeated telephone calls to Plaintiffs' cellular telephones each day during the ten-day grace period in an attempt to collect the alleged debt.

14.     On June 7, 2012, Plaintiffs wrote to Defendant, UNITED, via U.S. Postal Service Certified Mail and requested that Defendant cease placing the telephone calls to Plaintiffs. *A copy of the June 7, 2012 correspondence is attached hereto as Exhibit A.*

15.     Defendant, UNITED, received the June 7, 2012 correspondence on June 10, 2012.  *A copy of the Certified Mail Return Receipt showing Defendant's receipt of the June 7, 2012 correspondence is attached hereto as Exhibit B.*

16.     Defendant, UNITED, ignored Plaintiff's June 7, 2012 correspondence and Defendant, UNITED, or others acting at its request, continued to use an automated telephone dialing system or pre-recorded or artificial voice to place daily, repeated telephone calls to Plaintiffs' cellular telephones each day during the ten-day grace period in an attempt to collect the alleged debt.

17.     On at least one occasion between June 11, 2013 and May 16, 2013, Defendant placed ten (10) telephone calls to Plaintiffs in a single day during the ten-day grace period in an attempt to collect the alleged debt.

18.     On at least two occasions between June 11, 2013 and May 16, 2013 Defendant placed eight (8) telephone calls to Plaintiffs in a single day during the ten-day grace period in an attempt to collect the alleged debt.

19.     On numerous occasions between June 11, 2013 and May 16, 2013 Defendant placed six (6) telephone calls to Plaintiffs in a single day during the ten-day grace period in an attempt to collect the alleged debt.

20.     On average between June 11, 2013 and May 16, 2013 Defendant placed four (4) telephone calls to Plaintiffs in a single day during the ten-day grace period in an attempt to collect the alleged debt.

21.     Between June 11, 2012 and May 16, 2013, Defendant UNITED, or others acting at its request, used  an automated telephone dialing system or pre-recorded or artificial voice to place no less than 304 calls to Plaintiffs' cellular telephones in an attempt to collect the alleged debt.

22.     On May 16, 2013, Plaintiffs wrote to Defendant, UNITED, via U.S. Postal Service Certified Mail and again requested that Defendant cease placing the telephone calls to Plaintiff. *A copy of the May 16, 2013 correspondence is attached hereto as Exhibit C.*

23.     Defendant, UNITED, received the May 16, 2013 correspondence on May 20, 2013. *A copy of the Certified Mail Return Receipt showing Defendant's receipt of the May 16, 2013 correspondence is attached hereto as Exhibit D.*

24.     Defendant, UNITED, ignored Plaintiffs' May 16, 2013 correspondence and Defendant, UNITED, or others acting at its request, continued to use an automated telephone dialing system or pre-recorded or artificial voice to place daily, repeated telephone calls to Plaintiffs' cellular telephones each day during the ten-day grace period in an attempt to collect the alleged debt.

25.     Between May 20, 2012 and June 15, 2013, Defendant UNITED, or others acting at its request, used  an automated telephone dialing system or pre-recorded or artificial voice to place no less than 20 calls to Plaintiffs' cellular telephones in an attempt to collect the alleged debt.

26.     Altogether between June 11, 2012 and June 15, 2013, Defendant UNITED, or others acting at its request, used  an automated telephone dialing system or pre-recorded or artificial voice to place no less than 327 calls to Plaintiffs' cellular telephones in an attempt to collect the alleged debt.

27.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C.  § 227 (b)(1)(A).

28.     Defendant's actions were willful.

29.     Defendant willfully or knowingly violated the TCPA and FCCPA.

### COUNT I – REGARDING UNITED
### WILLFUL TELEPHONIC HARASSMENT AND ABUSE BY FREQUENT CALLING IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

30.     Plaintiffs incorporate Paragraphs 1 through 29 above as if fully set forth herein.

31.     Defendant, UNITED willfully communicated with Plaintiffs with such frequency as can reasonably be expected to harass the Plaintiffs, or willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiffs in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant, UNITED for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

### COUNT II – REGARDING UNITED

**AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)**

32.     Plaintiffs incorporate Paragraphs 1 through 29 above as if fully set forth herein.

33.     Defendant, UNITED placed non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant, UNITED for:

    a.  Damages;

    b.  A declaration that Defendant's debt collection practices violate the TCPA;

    c.  A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d.  Such other or further relief as the Court deems proper.

**COUNT III**
**VIOLATION OF THE TCPA REGARDING JOHN DOES 1-3**

34.     Plaintiff incorporates Paragraphs 1 through 29 above as if fully set forth herein.

35.     Defendant, John Does 1-3, established the policies or carried out the practices complained of herein regarding the TCPA or authorized those policies and

practices that caused the placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants John Does 1-3 for:

a. Damages;

b. A declaration that Defendant's debt collection practices violate the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*